FILED
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

JUN 1 4 2007

JAMES W. McCORMACK, CLERK
By:_____
DEP CLERK

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
EASTERN DIVISION

NELLIE BROWNLEE, ET AL.  PLAINTIFFS
and DONALD W. WHITAKER

v.  No. 2:99CV00212 WRW
    No. 2:99CV00220 WRW

COOPER TIRE & RUBBER COMPANY  DEFENDANT

### ORDER

Pending is Defendant's Motion for Sanctions,[1] requesting that Plaintiff's co-counsel, Bruce Kaster ("Kaster") be sanctioned for willfully violating orders[2] that placed certain documents under seal. Kaster's alleged violations took place in Mississippi, where Defendant sued Kaster and another lawyer in *Cooper Tire & Rubber Co. v. John Booth Farese, et al.*, ("Mississippi case").[3] Defendant asserts that Kaster should be held in contempt for publicly filing sealed documents in the Mississippi case.

### I. Background

This is a consolidated products liability action alleging that Defendant manufactured defective tires. The complaints in each action were filed in 1999,[4] and consolidated on May 5,

---

[1]Doc. No. 550.

[2]Doc. Nos. 357, 542.

[3]3:02CV210-WAP-JAD (N.D. Miss. filed Dec. 31, 2002).

[4]Doc. No. 1 (2:99CV00212); Doc. No. 1 (2:99CV00220).

2000.[5] The parties settled, and the consolidated case was dismissed on May 24, 2002.[6] However, during the course of trial preparation, an affidavit and deposition of Cathy Barnett ("Barnett") were placed under seal.[7]

After settling the Arkansas products case, Defendant sued[8] Kaster in Mississippi alleging interference with business relations and civil conspiracy connected to Kaster's conduct during the Arkansas litigation.

The Mississippi district judge issued an order permitting Kaster to utilize documents that were placed under seal in Arkansas. The Mississippi judge ruled that the documents were to "remain under seal . . . until *further order of this Court.*"[9]

Kaster intervened in this litigation and filed a motion[10] asking for release of all sealed documents.[11] The motions were granted and the documents were unsealed for the purpose of Kaster's defense in the Mississippi case, in "accordance with the Confidentiality Agreement and

---

[5] Doc. No. 24 (2:99CV00212); Doc. No. 35 (2:99CV00220).

[6] Doc. No. 508 (2:99CV00212); Doc. No. 44 (2:99CV00220).

[7] Doc. Nos. 357, 542.

[8] *Cooper Tire & Rubber Co. v. John Booth Farese, et al.*, United States District Court for the Northern District of Mississippi, Western Division 3:02CV210-WAP-JAD.

[9] Doc. No. 551-2, Ex. 1 (emphasis added).

[10] Doc. Nos. 531, 534.

[11] Doc. No. 531.

Protective Order which was signed by the Mississippi Court."[12] The lawyers were instructed to "adhere to this ruling . . . and [the] order in the Mississippi action."[13]

Defendant asserts that Kaster intentionally and willfully violated the Arkansas and Mississippi orders when he filed the sealed documents as exhibits to his Motion for Summary Judgment. When Kaster failed to correct this alleged violation, Defendant filed a motion in Mississippi seeking to reseal the documents and for sanctions. On February 2, 2007, the court denied this motion and stated:

> Having reviewed the matter, the court concludes that the subject exhibits to the Kaster defendants' November 14, 2006 motion for summary judgment . . . should not be, and are hereby ordered as not being sealed with regard to this case. The most relevant distinction between this case and the Arkansas case . . . is that Cooper Tire was defending itself in the Arkansas litigation whereas Cooper Tire chose to sue Kaster in this case.[14]

## II. Discussion

Defendant seeks sanctions against an attorney for conduct that took place in Mississippi before another district judge. The Barnett documents were originally sealed in this case, but, after Kaster was sued in Mississippi, the sealed documents were released, as long they were handled in accordance with a "Protective Order" entered in Mississippi.[15]

Even though the Mississippi order sealed the documents, the district judge retained the power to modify the order.[16] The Mississippi district judge exercised this power and unsealed the

---

[12] Doc. No. 540, p. 4.

[13] *Id.*

[14] Doc. No. 551, Ex. 3.

[15] Doc. No. 540, p. 4.

[16] Doc. No. 551, Ex. 1.

documents in February 2007. Moreover, the district judge refused to impose sanctions against Kaster.

Defendant is attempting to make an end run around the Mississippi court's authority to manage its own cases. If Defendant is dissatisfied with the district court's ruling, it may file an appeal with the Fifth Circuit Court of Appeals.

### III. Conclusion

Accordingly, Defendant's Motion for Sanctions (Doc. No. 550) is DENIED.

IT IS SO ORDERED this 14th day of June 2007.

                                                    UNITED STATES DISTRICT JUDGE